IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TODD L. COOK, | ) | 4:13CV3215 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MICHAEL KENNEY, Director, and | ) | |
| DIANE SABATKA-RINE, Warden, | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court on Petitioner Todd L. Cook's ("Cook" or "Petitioner") Petition for Writ of Habeas Corpus (Filing No. 1) and Motion to Stay Proceedings (Filing No. 7). Cook argues in his petition that the mandatory life sentence he received in state court violates the Eighth Amendment's prohibition on cruel and unusual punishment. For the reasons explained below, the court finds that Cook's petition was not filed within the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1) and must be dismissed, and also that Cook is not entitled to a stay of these proceedings.

## I. BACKGROUND

### A. Conviction and Direct Appeal

Cook pled guilty to first-degree murder and use of a firearm to commit a felony on November 2, 1995, in the District Court of Madison County, Nebraska ("state district court"). (Filing No. 10-12 at CM/ECF p. 143.) The Nebraska Supreme Court summarized the facts leading to Cook's conviction as follows:

> On January 29, 1995, Cook and an accomplice entered a Gas N' Shop convenience store in Norfolk, Nebraska. Cook pointed a 9-mm semiautomatic pistol at Ellen Gill, a clerk in the store, and

> demanded that she open the cash register. After Cook's accomplice removed approximately $206 from the cash register, Cook demanded that Gill take him to retrieve the videotape used by the store's video surveillance machine. Gill took Cook to the video recorder, and Cook attempted to remove the videotape. When he could not remove the videotape from the recorder, Cook shot the recorder with his pistol. Thinking that he saw Gill move, Cook turned and shot Gill from approximately 2 feet away. The bullet struck Gill in her left hand and her throat, and she died from the gunshot wounds.

*State v. Cook*, 559 N.W.2d 471, 472 (Neb. 1997) ("*Cook I*"). Cook stated in his habeas corpus petition that he was 18 years and 54 days old when he committed this murder. (Filing No. 1 at CM/ECF p. 16.)

The state district court sentenced Cook to life imprisonment for first-degree murder, and a period of not less than 20 nor more than 20 years' imprisonment for use of a firearm to commit a felony. (Filing No. 10-12 at CM/ECF p. 144.) The Nebraska Supreme Court affirmed the state district court's judgment on February 14, 1997, *Cook I*, 559 N.W.2d at 473, and overruled Cook's motion for rehearing on March 12, 1997 (Filing No. 10-1 at CM/ECF p. 2).

**B. Motion for New Trial**

Cook filed a motion for new trial and a motion to withdraw guilty pleas in the state district court in 2003. *See State v. Cook*, No. S-09-360 (Neb. Dec. 11, 2009) ("*Cook II*") (discussing procedural history of Cook's state court actions) (opinion available at Filing No. 10-6). The state district court denied Cook's motions and Cook appealed. The State of Nebraska ("State") filed a motion for summary dismissal, arguing the state district court lacked jurisdiction to consider Cook's motions. The Nebraska Supreme Court sustained the State's motion and dismissed Cook's appeal. *Id.*

### C.     Post-Conviction Motion and Appeal

Cook filed a verified motion for post-conviction relief in the state district court on December 5, 2008.[1] (*See* Filing No. 1 at CM/ECF p. 3.) The state district court denied post-conviction relief on March 20, 2009. The Nebraska Supreme Court affirmed the state district court's judgment on December 11, 2009. *See Cook II*, No. S-09-360 (opinion available at Filing No. 10-6).

### D.     Subsequent Post-Conviction Motion and Appeal

Cook filed another motion for post-conviction relief in the state district court on June 3, 2013, in which he raised the issue he now presents in this habeas corpus action (i.e., that his life sentence is unconstitutional). (*See* Filing No. 10-12 at CM/ECF pp. 31-61.) The state district court denied relief on August 14, 2013. (Filing No. 10-12 at CM/ECF pp. 137-139.) The Nebraska Supreme Court affirmed the state district court's judgment on December 11, 2013. (Filing No. 10-4 at CM/ECF p. 2.)

### E.     Habeas Corpus Petition

Cook filed his petition (Filing No. 1) in this court on December 17, 2013. Thereafter, Respondents filed state court records (Filing No. 10), an answer (Filing No. 13), and two briefs (Filing No. 14 and Filing No. 22). Respondents argue in their filings that Cook's claim is meritless and that his petition is barred by the relevant statute of limitations. Cook filed a brief (Filing No. 20) in response to Respondents' answer in which he argues that his petition was timely filed.

---

[1] The Nebraska Supreme Court's opinion in *Cook II* sets forth that Cook also filed a post-conviction motion in the state district court in 2006, which Cook later withdrew. *Cook II*, No. S-09-360 (opinion available at Filing No. 10-6 at CM/ECF pp. 3-4).

3

## II.  ANALYSIS

A.  **Timeliness of Petition Under 28 U.S.C. § 2244(d)(1)**

Respondent argues Cook's petition was not filed within the relevant limitations period. For the reasons explained below, the court agrees.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The statute of limitations period is tolled while a state post-conviction or other collateral review is pending. *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citing § 2244(d)(2)).

1.   **Section 2244(d)(1)(A)**

Cook's judgment became final on June 10, 1997, 90 days after the Nebraska Supreme Court overruled Cook's motion for rehearing following his direct appeal. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012) (holding that for petitioners who do not seek review in the United States Supreme Court, the judgment becomes final "when the time for pursuing direct review in [the United States Supreme Court], or in state court, expires."); *see also* Sup. Ct. R. 13.3 (stating the time to file a petition for a writ of certiorari runs from the date of the denial of rehearing if a petition for rehearing is timely filed in the lower court).

Cook filed his petition in this case more than 16 years after his judgment became final. Thus, Cook's petition was not filed within one year of the date on which his judgment became final. *See* 28 U.S.C. § 2244(d)(1)(A). Cook's state post-conviction actions do nothing to toll the limitations period because Cook filed his first such action in 2003, after the one-year limitations period had already expired.

2.   **28 U.S.C. § 2244(d)(1)(C) and (d)(1)(D)**

Cook argues his petition is timely under § 2244(d)(1)(C) and (d)(1)(D) because the limitations period should be calculated from the date of the Supreme Court's holding in *Miller v. Alabama*, 132 S. Ct. 2455 (2012). In *Miller*, the Court held "that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Miller*, 132 S. Ct. at 2460. Cook, who was 18 years and 54 days old when he committed murder, argues the holding in *Miller* applies to him because his "mental age was that of a juvenile when the crime was committed." (Filing No. 1 at CM/ECF p. 16.)

The holding in *Miller* is not applicable to Cook. The undersigned judge, like the Supreme Court in *Roper v. Simmons*, 543 U.S. 551, 574 (2005), recognizes that

5

"[t]he qualities that distinguish juveniles from adults do not disappear when an individual turns 18." However, the holding in *Miller* is very clearly limited to juvenile offenders who were *under* age 18 at the time their crimes were committed. Because *Miller* is inapplicable to Cook, his argument that the limitations period runs from the date *Miller* was decided fails.

For the reasons discussed above, Cook did not file his petition within the one-year limitations period set forth in § 2244(d)(1). Cook has not argued that he is entitled to equitable tolling of the limitations period, *see [Walker v. Norris, 436 F.3d 1026, 1032 (8th Cir. 2006)](#)*, or that he is actually innocent of the crime for which he has been convicted, *see [McQuiggins v. Perkins, 133 S. Ct. 1924, 1928 (2013)](#)*. Accordingly, there is no basis upon which the court may excuse Cook's failure to comply with AEDPA's statute of limitations.

### B.     Merits of Cook's Claim

Even if Cook had filed his petition within the one-year limitations period, his claim is meritless. The court may grant a writ of habeas corpus only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," [28 U.S.C. § 2254(d)(1)](#), or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," [28 U.S.C. § 2254(d)(2)](#).

Citing the Supreme Court's holding in *Miller*, Cook argues in his petition that the mandatory life sentence he received violates the Eighth Amendment because he was only 18 years and 54 days old at the time his crime was committed. (Filing No. [1 at CM/ECF pp. 15](#)-16.) The state district court and the Nebraska Supreme Court considered and rejected this argument. Specifically, the state district court held, in part, that the holding in *Miller* is inapplicable to Cook because he was over the age of

6

18 when he committed murder. (*See* Filing No. 10-12 at CM/ECF pp. 137-139.) As discussed above, the undersigned judge agrees that *Miller* is inapplicable to Cook.

The Nebraska state courts' findings of fact and conclusions of law are entitled to deference under the statutory standard of review that applies to factual and legal conclusions reached by the state courts. Cook has not established that the state courts' decisions were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or that the state courts reached "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). Accordingly, Cook is not entitled to the grant of a writ of habeas corpus in this matter.

### III.  MOTION TO STAY

Cook filed a motion seeking a stay of these proceedings while he exhausts an additional claim. (Filing No. 7.) Cook states he filed a third post-conviction action in the state district court on February 24, 2014, in which he raised the following claim for relief: "The Petitioner's sentence of life without parole is void where it acts to usurp the Constitutional powers of the Board of Parole to grant discretionary relief." Cook argues the factual predicate of this claim could not have been discovered until the Nebraska Supreme Court issued its decision in *State v. Castaneda*, 842 N.W.2d 740 (Neb. 2014), on February 7, 2014.

A stay and abeyance of a federal habeas corpus petition is only appropriate in "limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). A court may order a stay and abeyance only when there is good cause for the petitioner's failure to exhaust his claims in state court, the claims are not "plainly meritless," and the petitioner has not "engaged in intentionally dilatory litigation tactics." *Id.* at 277-278.

Cook argues the claim he seeks to exhaust in Nebraska's state courts is timely under § 2244(d)(1)(D) because its factual predicate could not have been discovered until the Nebraska Supreme Court issued its decision in *Castaneda* on February 7, 2014. *See* § 2244(d)(1)(D) ("The limitation period shall run from . . . the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."). In *Castaneda*, the Nebraska Supreme Court held that "Nebraska's sentence of life imprisonment is effectively life imprisonment without parole under the rationale of *Miller* . . . because it provides no meaningful opportunity to obtain release." 842 N.W.2d at 758-59.[2] Cook, who was not a juvenile at the time he committed his crime, does not explain how *Castaneda* is relevant to his case.

Moreover, Cook does not explain what *facts* he discovered as a result of the court's holding in *Castaneda*. Rather, his argument appears to be that *Castaneda* provides him a new avenue for attacking his life sentence in Nebraska's state courts. While the holding in *Castaneda* may be a modification or clarification of state law, it is not a "factual predicate" under § 2244(d)(1)(D). *See E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006) (holding that decision by federal court of appeals was not a "new fact" because the determination of whether statutory amendment was retroactively applicable was "a ruling exclusively within the domain of the courts and is incapable of being proved or disproved.")[3]; *see also Lo v.*

---

[2]At the time Castaneda was sentenced, Nebraska's statutes provided that a juvenile convicted of first degree murder was subject to mandatory life imprisonment. The statutes did not expressly contain the qualifier "without parole." However, because it provided no "meaningful opportunity" to obtain release, the Nebraska Supreme Court held Nebraska's sentence of life imprisonment was effectively life imprisonment "without parole" under the rationale of *Miller*. *See Castaneda*, 842 N.W.2d at 758-59.

[3]*E.J.R.E.* dealt with 28 U.S.C. § 2255(f), the counterpart to 28 U.S.C. § 2244(d)(1)(D), that applies to habeas corpus motions filed by prisoners

8

*Endicott*, 506 F.3d 572, 576 (7th Cir. 2007) ("[W]e do not find that a state court decision modifying substantive law constitutes a "factual predicate" under § 2244(d)(1)(D) justifying a new one-year limitations period."); *Phillips v. United States*, 734 F.3d 573, 580 (6th Cir. 2013) (holding that decision by federal court of appeals was newly-discovered law, not a newly-discovered fact); *Shannon v. Newland*, 410 F.3d 1083, 1089 (9th Cir. 2005) ("If a change in (or clarification of) state law, by a state court, in a case in which [petitioner] was not a party, could qualify as a 'factual predicate,' then the term 'factual' would be meaningless.").

In short, the court will not order a stay and abeyance in this matter because the claim Cook seeks to exhaust in Nebraska's state courts is merely another collateral attack of his life sentence. As discussed above, Cook's judgment became final on June 10, 1997, and he did not seek habeas corpus relief in this court until December 17, 2013.

## IV. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

---

attacking their federal sentences. The two provisions are nearly identical and the Supreme Court has interpreted them in concert with one another. *See*, *e.g.*, *Lackawanna Cnty. Dist. Atty. v. Coss*, 532 U.S. 394, 402 (2001).

In this case, Cook has failed to make a substantial showing of the denial of a constitutional right. The court is not persuaded that the issues raised in the petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that:

1. Cook's Petition for Writ of Habeas Corpus (Filing No. 1) is denied in all respects and this action is dismissed with prejudice.

2. Cook's Motion to Stay Proceedings (Filing No. 7) is denied.

3. In light of the foregoing, Cook's Motion for Status (Filing No. 21) is denied as moot.

4. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 26th day of September, 2014.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.